IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sean Goins, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:23-cv-04933-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Sergeant Jenkins, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Sean Goins, proceeding *pro se* and *in forma pauperis* (ECF No. 12), filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. After the magistrate judge issued an order advising Plaintiff of the steps needed to bring his case into proper form, (ECF No. 11), Plaintiff filed an amended complaint, (ECF No. 1-3). Defendant Sergeant Jenkins filed an answer, (ECF No. 32), and a motion for summary judgment, (ECF No. 41). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and warning Plaintiff of the consequences of not responding to the motion for summary judgment. (ECF No. 42). Plaintiff filed a response to the motion, (ECF No. 45), and Defendant filed a reply, (ECF No. 46).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Defendant's motion for summary judgment. (ECF No. 49). The magistrate judge advised Plaintiff of his right to file objections to the Report. *Id*. at 15. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 50), and it has not been returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received it.

1

Nevertheless, Plaintiff failed to file objections to the Report, and the deadline to do so has expired. The matter is now ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015)

(citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## CONCLUSION

Thus, having reviewed the Report under the proper standard, the court agrees with the magistrate judge's recommendation that the motion for summary judgment be granted for the reasons set forth in her Report. Accordingly, the court adopts the Report, (ECF No. 49), and the motion for summary judgment (ECF No. 41) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 19, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3